**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| CARL SUNDERMANN on behalf of himself and others similarly situated, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>GOLDEN CIRCLE REAL ESTATE GROUP, L.L.C. D/B/A KELLER WILLIAMS REALTY, GREATER DES MOINES :<br>:<br>Defendant. :<br>: | Case No. 19-CV-140<br><br>CLASS ACTION COMPLAINT |

## **CLASS ACTION COMPLAINT**

### **Preliminary Statement**

1. Plaintiff Carl Sundermann ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Golden Circle Real Estate Group, L.L.C. d/b/a Keller Williams Realty, Greater Des Moines ("KWRGDM" or "Defendant") made automated and pre-recorded telemarketing calls to cellular telephone numbers, including the Plaintiff, which is prohibited by the TCPA. Furthermore, KWRGDM made telemarketing calls to numbers that has been listed on the National Do Not Call Registry.

3. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of

thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

5. Plaintiff Carl Sundermann is a resident of Iowa and of this District.

6. Defendant Golden Circle Real Estate Group, L.L.C. d/b/a Keller Williams Realty, Greater Des Moines is an Iowa limited liability company with its principal place of business at 401 Westown Parkway in West Des Moines, IA. The Defendant has a Registered Agent of Kyra C. Bell at the same location.

### Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing call to the Plaintiff was placed into this District and the Defendant resides in this District.

### The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

The TCPA Prohibits Automated Telemarketing Calls

12. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The Growing Problem of Automated Telemarketing

16. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

17. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-consumer-protection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

18. In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016. Federal Trade Commission, *FTC Releases FY 2017 National Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-events/press-releases/2017/12/ftc-releases-fy-2017-nationaldo-not-call-registry-data-book-dnc.

19. *The New York Times* recently reported on the skyrocketing number of robocall complaints and widespread outrage about illegal telemarketing. Tara Siegel Bernard, *Yes, It's Bad. Robocalls, and Their Scams, Are Surging*, N.Y. Times (May 6, 2018), https://www.nytimes.com/2018/05/06/your-money/robocalls-riseillegal.html; *see also* Katherine Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About Him*, Wall St. J. (July 4, 2018), https://www.wsj.com/articles/why-there-are-so-manyrobocalls-heres-what-you-can-do-about-him-1530610203.

20. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

21. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 at a rate of 168.8 million per day. www.robocallindex.com (last visited April 9, 2019). YouMail estimates that 2019 robocall totals will exceed 60 billion. *See id.*

22. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data (last visited April 15, 2019).

**Factual Allegations**

23.   Defendant is a real estate broker in the business of representing buyers and sellers in real estate transactions.

24.   One of Defendant's strategies for marketing its services and generating new customers is telemarketing.

25.   Defendant's strategy for generating new customers involves the use of an automatic telephone dialing system ("ATDS") to solicit business.

26.   Defendant uses ATDSs that have the capacity to store or produce telephone numbers to be called.

27.   The Defendant also employs the use of pre-recorded messages.

28.   The Defendant used this equipment because it allows for thousands of automated calls to be placed at one time, but its telemarketing representatives, who are paid by the hour, only talk to individuals who pick up the telephone.

29.   Through this method, the Defendant shifts the burden of wasted time to the consumers it calls with unsolicited messages.

30.   The calls also violate the TCPA, as recipients of these calls, including Plaintiff, did not consent to receive them.

<u>Calls to Plaintiff</u>

31.   Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

32.   On March 27, 2019 the Plaintiff received a call on his cellular telephone, (515) 867-XXXX.

33. The Plaintiff placed that number on the National Do Not Call Registry on November 3, 2014.

34. When the calls were answered, unlike on a normal call, no one promptly announced themselves. Instead, Plaintiff heard an unnatural click and pause.

35. A pre-recorded message was also used on the call indicating the use of an ATDS, as it would be illogical to hand-dial a call only to then use a pre-recorded message.

36. The Plaintiff also could identify the call as a pre-recorded message because the recording continued even when the Plaintiff attempted to speak.

37. The pre-recorded message ended and the call terminated.

38. After the pre-recorded message, the Plaintiff received a live call from Ryan C. Rohlf, an agent for the Defendant.

39. Both the pre-recorded call and the live call following up were made from the same phone number, (515) 442-0625.

40. That is a number for Mr. Rohlf.

41. During that call, the Plaintiff verified that Mr. Rohlf had used a recorded message in his prior call.

42. Defendant's purpose in making the call was to sell its services to Plaintiff.

43. Plaintiff have never been a customer of Defendant.

44. Plaintiff did not provide prior express written consent to receive ATDS-generated or prerecorded calls from, or on behalf of, Defendant.

45. Plaintiff did not provide prior express consent to receive calls from Defendant.

46. The calls were not necessitated by an emergency.

47. Plaintiff's privacy has been violated by the above-described telemarketing robocalls from, or on behalf of, Defendant. The calls were an annoying, harassing nuisance.

48. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their cellular telephone lines, rendering him unavailable for legitimate communication.

## Class Action Allegations

49. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following tentatively defined classes:

CLASS 1

All persons within the United States: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using an automatic telephone dialing system or an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

CLASS 2

All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made more than one call in a twelve-month period; (b) promoting KWRGDM products or services; (c) to a number that had been on the National Do Not Call Registry for at least 30 days; (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

50. Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

51. The classes as defined above is identifiable through phone records and phone number databases.

52. The potential class members number at least in the thousands, since automated and pre-recorded telemarketing campaigns make calls to hundreds or thousands of individual a day. Individual joinder of these persons is impracticable.

53. Plaintiff is a member of the proposed classes.

54. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

   a. Whether Defendant violated the TCPA by using automated telemarketing to call cellular telephones;

   b. Whether Defendant placed calls without obtaining the recipients' prior consent for the call;

   c. Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

55. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

56. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

57. Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

58. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

59. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

60. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Automated Calling provisions

61. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

62. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

63. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and

every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

65. The Defendant's violations were negligent and/or knowing.

### Count Two:
### Violation of the TCPA's DNC provisions

66. Plaintiff incorporates the allegations from the foregoing paragraphs as if fully set forth herein.

67. The foregoing acts and omissions of the Defendant constitutes violations of subsection 227(c) of the TCPA which prohibit anyone from making multiple telemarketing calls in a twelve-month period to a number that has been on the National Do Not Call Registry for at least 30 days.

68. The Defendant's violations were willful and/or knowing.

69. Under the TCPA, the Plaintiff is entitled to injunctive relief. The Plaintiff seeks injunctive relief prohibiting Defendant from making telemarketing calls until it establishes adequate procedures to make calls that comply with the TCPA.

70. In addition, Plaintiff seeks damages of $500 for each such violation. *See* 47 U.S.C. § 227(c)(5).

71. Plaintiff requests the Court to exercise its discretion and treble such damages for each willful or knowing violation.

**Relief Sought**

For himself and all class members, Plaintiff request the following relief:

A.   Certification of the proposed Classes;

B.   Appointment of Plaintiff as representative of the Classes;

C.   Appointment of the undersigned counsel as counsel for the Classes;

D.   A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.   The following injunctive relief:

   i. prohibit Defendant from making telemarketing calls until it establishes adequate procedures to make calls that comply with the TCPA;

   ii. prohibit Defendant from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

F.   An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

G.   An award to Plaintiff and the Class of damages, as allowed by law;

H.   Leave to amend this Complaint to conform to the evidence presented at trial; and

I.   Orders granting such other and further relief as the Court deems necessary, just, and proper.

**PLAINTIFF REQUESTS A JURY TRIAL
AS TO ALL CLAIMS OF THE COMPLAINT SO TRIABLE.**

Dated this 2nd day of May, 2019.

Respectfully submitted,

**HANSEN REYNOLDS LLC**

/s/ Timothy M. Hansen
Timothy M. Hansen SBN: AT0010747
Email: *thansen@hansenreynolds.com*
301 N Broadway, Suite 400
Milwaukee, Wisconsin 53202
Ph: 414-455-7676
Fax: 414-273-8476

Michael C. Lueder (*pro hac vice forthcoming*)
Email: *mlueder@hansenreynolds.com*
301 N Broadway, Suite 400
Milwaukee, Wisconsin 53202
Ph. 414-273-7676
Fax: 414-273-8476

**PARONICH LAW, P.C.**

Anthony Paronich (*pro hac vice forthcoming*)
Email: *anthony@paronichlaw.com*
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Ph. 617-485-0018
Fax: 508-318-8100

*Attorneys for Plaintiff*